DETROIT EDISON CO. *v.* OAKLAND CIRCUIT JUDGE.

1. Judgment—Entry—Fees—Statutes—Court Rules.
    There is no conflict between statute requiring payment of judgment fee before entry of final judgment in an action at law where trial has been had and court rule requiring that before taking proofs such fee be deposited with the clerk and its return to depositor attorney in case it should subsequently appear inappropriate to enter a judgment in the cause; and enforcement of the court rule would meet requirement of the statute but noncompliance with the court rule could not permit entry of judgment before receipt of the fee (3 Comp. Laws 1929, § 15421; Court Rule No. 37 [1933]).

2. Mandamus—Entry of Judgment—Payment of Fee.
    In a petitioner's proceeding by mandamus to compel restoration of original judgment for defendant notwithstanding verdict for plaintiff on reserved motion, entered by clerk inadvertently before payment of judgment fee, order of court to reenter

judgment *nunc pro tunc,* as of date of payment of fee by defendant, *held,* proper, the court's power in the premises not being dependent upon plaintiff's right to move to vacate judgment nor limited by court rule relating to 20 days' time for perfecting an appeal to the Supreme Court, hence, although circuit court might have let judgment stand as originally entered after fee was paid, petitioner is not entitled to writ compelling same (3 Comp. Laws 1929, §§ 14531, 15421; Court Rules Nos. 37, § 13, 57 [1933]).

Mandamus by Detroit Edison Company, a New York corporation, against George B. Hartrick, Oakland Circuit Judge, to compel the restoration of a judgment. Submitted January 18, 1938. (Calendar No. 39,821.) Writ denied April 4, 1938.

*Oxtoby, Robison & Hull,* for plaintiff.

*Clarence L. Smith* and *G. Edson Hallock,* for defendant.

Wiest, C. J. August J. Cramer brought suit in the Oakland circuit against the city of Mt. Clemens and the Detroit Edison Company. On motion the suit against the city was dismissed. The suit against the Detroit Edison Company was tried by jury, with verdict of $20,000 for plaintiff. Under reserved power (3 Comp. Laws 1929, § 14531), the court directed entry of judgment for defendant and the clerk of the court, without first obtaining the judgment fee of $4, entered judgment. Thereupon plaintiff moved the court to vacate the judgment for nonpayment of the judgment fee, as required by 3 Comp. Laws 1929, § 15421. October 20, 1937, the same day that the motion was made, defendant's attorneys mailed to the clerk of the court their check for the judgment fee, disclaiming, however, any obligation to do so, under Court Rule No. 37, § 13 (1933). The court vacated the judgment, so entered without payment of the

judgment fee, and, in consideration of the mentioned payment by defendant, directed re-entry of the judgment, *nunc pro tunc,* as of October 20, 1937.

Defendant seeks our writ directing restoration of the first judgment entered, claiming that, under Court Rule No. 37, § 13 (1933), it was the duty of plaintiff to pay, and of the clerk to collect, the judgment fee before trial.

The court rule provides:

"No proofs shall be taken in the trial of a cause unless there has been deposited with the clerk of the court the amount of the lawful stenographer, jury and judgment fee. In case it shall subsequently appear inappropriate to enter a judgment in the cause, such judgment fee shall, under the direction of the judge, be returned to the attorney so depositing it."

In the instance at bar the plaintiff, before entry upon the trial, paid the stenographer and jury fees but did not pay the judgment fee. Whether payment was requested does not appear.

In answer to our order to show cause the circuit judge states that the first judgment entered was by error of the clerk, contrary to the mandate of 3 Comp. Laws 1929, § 15421; that the court rule in no way conflicts with the mandatory duty of the court in reference to obedience to the statute referred to and—

"The rule of the court must be subordinated in any event, to the provisions of the statute."

The invoked statute, 3 Comp. Laws 1929, § 15421, provides:

"Before the entry of any final judgment in a suit at law wherein trial has been had or where issue is joined by plea, or where a jury is called to render a

verdict upon default in pleading, there shall be paid to said clerk the sum of four dollars.''

There is no conflict between that statute and the court rule. Enforcement of the court rule would meet the requirements of the statute. Noncompliance with the court rule could not, and did not, permit entry of judgment before receipt of the fee.

Defendant contends that noncompliance with the mentioned court rule barred plaintiff from moving the court to vacate the judgment for nonpayment of the entry fee.

The power of the court to act in the premises did not rest on plaintiff's right to make the motion. The court probably could, upon the payment of the judgment fee by defendant, have let the original entry of the judgment stand, but we cannot hold that such was the only course.

Court Rule No. 57 (1933), relating to 20 days' time for perfecting an appeal to the Supreme Court did not limit the power of the circuit court in the premises.

The writ of mandamus is denied, with costs to respondent.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.